IN THE UNITED STATES
DISTRICT COURT FOR THE WESTERN
DISTRICT OF PENNSYLVANIA
PITTSBURGH DIVISION

| | | |
|---|---|---|
| ALEXANDER RHODES | ) | Civil Action No. 2:22-CV-00101 |
| | ) | |
| *Plaintiff,* | ) | Honorable Judge W. Scott Hardy |
| | ) | |
| v. | ) | MOTION TO DISMISS |
| | ) | |
| ALTHEA AZEFF | ) | Libel Per Se |
| | ) | Libel Per Quod |
| *Defendant* | ) | Slander Per Se |
| *(and Plaintiff's mother)* | ) | Slander Per Quod |
| | ) | Invasion of Privacy |
| | ) | Intentional Infliction of Emotional Distress |
| | ) | Publicity Given to Private Life |
| | ) | Intrusion Upon Seclusion |
| | ) | |

1. Plaintiff Alexander Rhodes (also referring to himself as John Doe, as this suit was initially captioned) filed a federal SLAPP (strategic litigation against public participation) against his own mother, me, the purported Defendant.

2. *Pro se* Defendant moves for dismissal of the complaint because Plaintiff has failed to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). He has failed to satisfy the elements for any one of his numerous (eight) contentions that comprise his federal SLAPP suit. That is, Plaintiff failed to establish a *prima facie* case for any or all of his eight contentions.

3. Truth is a defense to defamation. Defendant, in her Exhibits and elsewhere, has demonstrated the truthfulness of what she shared about Plaintiff (i) to a lawyer, in confidence, in a statement sent to that lawyer (as this same Plaintiff was suing and smearing the name of yet another defendant); (ii) what she shared online once served by Stebbins with Minc Law in late May 2021 (albeit in a far limited way than what Plaintiff contends); and (iii) in her manuscript (to which she asserted and maintains full copyright over, despite that Stebbins affirmatively, illegally, and shamelessly tried to strip her of such.

4. Plaintiff Rhodes/Doe is a public figure. Actual malice must be proven. Plaintiff failed to do so.

5. Plaintiff's sworn-to pleadings were, in most or all cases, outright lies. Defendant demonstrated in her response (and defenses and counterclaims) document that such sworn-to pleadings were lies. Evidence for such was included in that same document, **in Plaintiff's own words, that he offered freely and voluntarily online over many years**. Plaintiff's lies are easily discoverable by reading his posts online (over many years) and in his national and international media interviews. Defendant proved the falsity of his claims without yet showing (endless) transcripts over 10+ years of media coverage. The evidence against Plaintiff is voluminous.

6. Plaintiff is a serial litigant, spending literally his entire adult life (14 years to date) litigating, threatening litigation, expecting financial profits from others' litigation, and more. The Court can review Defendant's **Exhibits 7** and **7.1** to see just a partial timeline of this "litigation grift." Upon information and belief, Plaintiff is living off of ill-gotten litigation money. This Court should not support this serial litigant nor his absurd-on-its-face SLAPP suit against his mother.

Related, Plaintiff claims the same types of damages, year after year, against various defendants. Plaintiff himself, voluntarily, has also published the cause for such damages as stemming from, among other things, his own constant videogaming, anxiety, mental health, laziness, and more. He documents each voluntarily online (as well as in media interviews) and then wants to go after his defendant *du jour* to pay for his work-free lifestyle. Please see, as just a few examples, Defendant's **Exhibit 15**.

7. Plaintiff is the leader of a well-known hate group, NoFap, which is a prolific and vitriolic voice in the manosphere (Defendant's **Exhibits 3, 4, 5, 7, 7.1, 10, 11,** and **14**). Several NoFap followers have issued death threats against women, sex workers, and others. NoFap is directly connected, too, to The Proud Boys. Mother/Defendant fears for her own life and has been at risk by having it ended by her son's (Plaintiff's) wrath and firearms. Plaintiff has, as he describes online, "severe" mental health diagnoses, yet he is well armed. He and his group are an absolute threat to public health, both online and in real life.

8. Plaintiff himself published online and shared in national media outlets information about which any reasonable person would have considered private but, as a basis for his business and to attract money and fame, Plaintiff shared. Such information includes but is not limited to: information about his semen, urine, penis shape and condition, diet, sexual history, extensive illegal use of marijuana, car wreck at "100 mph," his severe mental health diagnoses, being prescribed a powerful mood stabilizer, weaponry, how to dispose of a dead body, his fascination with beheadings and recruiting followers, how-to on manipulating search engine results, slurs against women, and much, much more.

NoFap is predicated on his own sexual health history (specifically that he used to masturbate to porn, as he lied about, non-stop) and success with women. That said, Plaintiff has also published online that he did not masturbate nor watch porn. He claims to be an expert in treating pornography addiction and erectile dysfunction. Plaintiff's claims are based solely on his personal experience of alleged erectile dysfunction and alleged pornography addiction, leading him to speak in detail about his penis and relationships across multiple national media.

Plaintiff cannot have it both ways, that is, sharing literally everything online and then suing his mother for knowing about or sharing any of this information to a lawyer and, after served with a SLAPP threat, online in limited ways and in an effort to protect the public.

9. Mother/Defendant tried in earnest to go into hiding. Plaintiff and his law firm have a history associated with illegal hacking and targeting intelligent women (Defendant's **Exhibit 20**). Despite that Defendant – **in writing** – told Stebbins to secret her physical address, he did not do so. He also published about the pleadings in a local newspaper, where Defendant went into hiding. Defendant is not safe.

10. Even giving Plaintiff the full benefit of the doubt, if this Court would believe any of his facts, the response shows in Plaintiff's own words the falsity of his factual assertions. Plaintiff impeaches his own self, time and again, over many years.

For the foregoing reasons, the Defendant's Motion to Dismiss should be granted.

**CERTIFICATE OF SERVICE**

I hereby certify that on 20 July 2022, a true copy of the foregoing DEFENDANT'S MOTION TO DISMISS was filed electronically with the Clerk of Court using the CM/ECF system, which will send a notification of such filing to the following:

>Andrew Stebbins, attorney for Plaintiff Rhodes, at astebbins@bdblaw.com
>1375 E. 9th Street, Suite 1700
>Cleveland, OH 44144

Respectfully submitted and fully sworn to,

/s/ Althea Azeff

---

Althea Azeff
(althea.azeff@gmail.com)
ADDRESS and PHONE NUMBER NOT SHARED DUE TO SECURITY AND SAFETY CONCERNS