IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ALEXANDER RHODES,

     Plaintiff,

v.

ALTHEA AZEFF,

     Defendant.

Civil Division

No. 2:22-CV-00101

**JURY TRIAL DEMANDED**

(Electronically Filed)

### DEFENDANT'S AMDENDED ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM TO PLAINTIFF'S AMENDED COMPLAINT

AND NOW, comes the Defendant, Althea Azeff, by and through her attorneys, Summers, McDonnell, Hudock, Guthrie & Rauch, P.C., and Thomas A. McDonnell, Esquire, and sets forth the following Amended Answer to Plaintiff's Amended Complaint.

### ANSWER

1.    Admitted upon information and belief.

2.    Denied. Defendant does not reside within the Federal Court of the Western District of Pennsylvania.

3.    Admitted in part. It is admitted that the parties are diverse in citizenship. The remainder of the allegations are denied and strict proof thereof is demanded at the time of trial.

4.    The allegations contained within Paragraph 5 are denied as stated and strict proof thereof is demanded at the time of trial.

5.    The allegations contained within Paragraph 5 are denied and strict proof thereof is demanded at the time of trial.

6.     Denied as stated. It is admitted that Defendant is the biological mother of Plaintiff and that they have been estranged since approximately 2019. The remainder of the allegations are denied and strict proof thereof is demanded at the time of trial.

7.     After reasonable investigation, Defendant does not possess sufficient information to admit or deny the truth of the averments contained in Paragraph 7 of the Complaint. Strict proof thereof is demanded at the time of trial.

8.     Denied as stated. It is admitted that Plaintiff is not a licensed healthcare professional and, upon information and belief, that he has previously spoken openly about his purported life and life experiences. The remainder of the allegations are denied and strict proof thereof is demanded at the time of trial.

9.     The allegations contained within Paragraph 9 are denied and strict proof thereof is demanded at the time of trial.

10.     After reasonable investigation, Defendant does not possess sufficient information to admit or deny the truth of the averments contained in Paragraph 10 of the Complaint. Strict proof thereof is demanded at the time of trial.

11.     After reasonable investigation, Defendant does not possess sufficient information to admit or deny the truth of the averments contained in Paragraph 11 of the Complaint. Strict proof thereof is demanded at the time of trial.

12.     After reasonable investigation, Defendant does not possess sufficient information to admit or deny the truth of the averments contained in Paragraph 12 of the Complaint. Strict proof thereof is demanded at the time of trial.

13.     After reasonable investigation, Defendant does not possess sufficient information to admit or deny the truth of the averments contained in Paragraph 13 of the Complaint. Strict proof thereof is demanded at the time of trial.

14.     After reasonable investigation, Defendant does not possess sufficient information to admit or deny the truth of the averments contained in Paragraph 14 of the Complaint. Strict proof thereof is demanded at the time of trial.

15.     After reasonable investigation, Defendant does not possess sufficient information to admit or deny the truth of the averments contained in Paragraph 15 of the Complaint. Strict proof thereof is demanded at the time of trial.

16.     After reasonable investigation, Defendant does not possess sufficient information to admit or deny the truth of the averments contained in Paragraph 16 of the Complaint. Strict proof thereof is demanded at the time of trial.

17.     After reasonable investigation, Defendant does not possess sufficient information to admit or deny the truth of the averments contained in Paragraph 17 of the Complaint. Strict proof thereof is demanded at the time of trial.

18.     Denied as stated. It is admitted that Plaintiff and Defendant have been estranged since approximately 2019. The remainder of the allegations are denied and strict proof thereof is demanded at the time of trial.

19.     The allegations contained within Paragraph 19 are denied and strict proof thereof is demanded at the time of trial.

20.     The allegations contained within Paragraph 20 are denied and strict proof thereof is demanded at the time of trial.

21.     After reasonable investigation, Defendant does not possess sufficient information to admit or deny the truth of the averments contained in Paragraph 21 of the Complaint. Strict proof thereof is demanded at the time of trial.

22.     After reasonable investigation, Defendant does not possess sufficient information to admit or deny the truth of the averments contained in Paragraph 22 of the Complaint. Strict proof thereof is demanded at the time of trial.

23.     The allegations contained within Paragraph 23 are denied as stated and strict proof thereof is demanded at the time of trial.

24.     The allegations contained within Paragraph 24 are denied as stated and strict proof thereof is demanded at the time of trial.

25.     The allegations contained within Paragraph 25 are denied as stated and strict proof thereof is demanded at the time of trial.

26.     The allegations contained within Paragraph 26 are denied as stated and strict proof thereof is demanded at the time of trial.

27.     The allegations contained within Paragraph 27 are denied as stated and strict proof thereof is demanded at the time of trial.

28.     The allegations contained within Paragraph 28 are denied as stated and strict proof thereof is demanded at the time of trial.

29.     The allegations contained within Paragraph 29 are denied as stated and strict proof thereof is demanded at the time of trial.

30.     The allegations contained within Paragraph 30 are denied as stated and strict proof thereof is demanded at the time of trial.

31.     The allegations contained within Paragraph 31 are denied as stated and strict proof thereof is demanded at the time of trial.

32.     The allegations contained within Paragraph 32 are denied as stated and strict proof thereof is demanded at the time of trial.

33.     After reasonable investigation, Defendant does not possess sufficient information to admit or deny the truth of the averments contained in Paragraph 33 of the Complaint. Strict proof thereof is demanded at the time of trial.

34.     The allegations contained within Paragraph 34 are denied as stated and strict proof thereof is demanded at the time of trial.

35.     The allegations contained within Paragraph 35 are denied as stated and strict proof thereof is demanded at the time of trial.

36.     The allegations contained within Paragraph 36 are denied as stated and strict proof thereof is demanded at the time of trial.

37.     The allegations contained within Paragraph 37 are denied as stated and strict proof thereof is demanded at the time of trial.

38.     After reasonable investigation, Defendant does not possess sufficient information to admit or deny the truth of the averments contained in Paragraph 38 of the Complaint. Strict proof thereof is demanded at the time of trial.

39.     After reasonable investigation, Defendant does not possess sufficient information to admit or deny the truth of the averments contained in Paragraph 39 of the Complaint. Strict proof thereof is demanded at the time of trial.

40.     After reasonable investigation, Defendant does not possess sufficient information to admit or deny the truth of the averments contained in Paragraph 40 of the Complaint. Strict proof thereof is demanded at the time of trial.

41.     The allegations contained within Paragraph 41 are denied as stated and strict proof thereof is demanded at the time of trial.

42.     After reasonable investigation, Defendant does not possess sufficient information to admit or deny the truth of the averments contained in Paragraph 42 of the Complaint. Strict proof thereof is demanded at the time of trial.

43.     The allegations contained within Paragraph 43 are denied as stated and strict proof thereof is demanded at the time of trial.

44.     The allegations contained within Paragraph 44 are denied as stated and strict proof thereof is demanded at the time of trial.

45.      After reasonable investigation, Defendant does not possess sufficient information to admit or deny the truth of the averments contained in Paragraph 45 of the Complaint. Strict proof thereof is demanded at the time of trial.

46.     After reasonable investigation, Defendant does not possess sufficient information to admit or deny the truth of the averments contained in Paragraph 46 of the Complaint. Strict proof thereof is demanded at the time of trial.

47.     The allegations contained within Paragraph 47 are denied as stated and strict proof thereof is demanded at the time of trial.

48.     The allegations contained within Paragraph 48 are denied as stated and strict proof thereof is demanded at the time of trial.

49.     The allegations contained within Paragraph 49 are denied as stated and strict proof thereof is demanded at the time of trial.

50.     The allegations contained within Paragraph 50 are denied as stated and strict proof thereof is demanded at the time of trial.

51.     The allegations contained within Paragraph 51 are denied as stated and strict proof thereof is demanded at the time of trial.

52.     The allegations contained within Paragraph 52 are denied as stated and strict proof thereof is demanded at the time of trial.

53.     The allegations contained within Paragraph 53 are denied as stated and strict proof thereof is demanded at the time of trial.

54.     The allegations contained within Paragraph 54 are denied as stated and strict proof thereof is demanded at the time of trial.

55.     After reasonable investigation, Defendant does not possess sufficient information to admit or deny the truth of the averments contained in Paragraph 55 of the Complaint. Strict proof thereof is demanded at the time of trial.

56.     After reasonable investigation, Defendant does not possess sufficient information to admit or deny the truth of the averments contained in Paragraph 56 of the Complaint. Strict proof thereof is demanded at the time of trial.

57.     After reasonable investigation, Defendant does not possess sufficient information to admit or deny the truth of the averments contained in Paragraph 57 of the Complaint. Strict proof thereof is demanded at the time of trial.

58.     The allegations contained within Paragraph 58 are denied as stated and strict proof thereof is demanded at the time of trial.

59.     The allegations contained within Paragraph 59 are denied as stated and strict proof thereof is demanded at the time of trial.

60.     The allegations contained within Paragraph 60 are denied as stated and strict proof thereof is demanded at the time of trial.

61.     The allegations contained within Paragraph 61 are denied as stated and strict proof thereof is demanded at the time of trial.

62.     The allegations contained within Paragraph 62 are denied as stated and strict proof thereof is demanded at the time of trial.

63.     The allegations contained within Paragraph 63 are denied as stated and strict proof thereof is demanded at the time of trial.

64.     After reasonable investigation, Defendant does not possess sufficient information to admit or deny the truth of the averments contained in Paragraph 64 of the Complaint. Strict proof thereof is demanded at the time of trial.

65.     The allegations contained within Paragraph 65 are denied as stated and strict proof thereof is demanded at the time of trial.

66.     The allegations contained within Paragraph 66 are denied as stated and strict proof thereof is demanded at the time of trial.

67.     The allegations contained within Paragraph 67 are denied as stated and strict proof thereof is demanded at the time of trial.

68.     The allegations contained within Paragraph 68 are denied as stated and strict proof thereof is demanded at the time of trial.

69.     The allegations contained within Paragraph 69 are denied as stated and strict proof thereof is demanded at the time of trial.

70.     The allegations contained within Paragraph 70 are denied as stated and strict proof thereof is demanded at the time of trial.

71.     The allegations contained within Paragraph 71 are denied as stated and strict proof thereof is demanded at the time of trial.

72.     After reasonable investigation, Defendant does not possess sufficient information to admit or deny the truth of the averments contained in Paragraph 72 of the Complaint. Strict proof thereof is demanded at the time of trial.

73.     The allegations contained within Paragraph 73 are denied as stated and strict proof thereof is demanded at the time of trial.

74.     Admitted in part. It is admitted that "the Activist" as referenced in Plaintiff's Amended Complaint submitted a declaration to the Bankruptcy Court. To the extent that the allegations contained within Paragraph 74 are used as an "example" in support of the allegations contained within Paragraph 73, the same are denied as stated and strict proof thereof is demanded at the time of trial.

75.     The allegations contained within Paragraph 75 are denied as stated and strict proof thereof is demanded at the time of trial.

76.     The allegations contained within Paragraph 76 are denied as stated and strict proof thereof is demanded at the time of trial.

77.     The allegations contained within Paragraph 77 are denied as stated and strict proof thereof is demanded at the time of trial.

78.     The allegations contained within Paragraph 78 are denied as stated and strict proof thereof is demanded at the time of trial.

79.     The allegations contained within Paragraph 79 are denied as stated and strict proof thereof is demanded at the time of trial.

80.     The allegations contained within Paragraph 80 are denied and strict proof thereof is demanded at the time of trial.

81.     After reasonable investigation, Defendant does not possess sufficient information to admit or deny the truth of the averments contained in Paragraph 81 of the Complaint. Strict proof thereof is demanded at the time of trial.

82.     The allegations contained within Paragraph 82 are denied as stated and strict proof thereof is demanded at the time of trial.

83.     The allegations contained within Paragraph 83 are denied as stated and strict proof thereof is demanded at the time of trial.

84.     The allegations contained within Paragraph 84 are denied as stated and strict proof thereof is demanded at the time of trial.

85.     The allegations contained within Paragraph 85 are denied as stated and strict proof thereof is demanded at the time of trial.

86.     The allegations contained within Paragraph 86 are denied as stated and strict proof thereof is demanded at the time of trial.

87.     The allegations contained within Paragraph 87 are denied as stated and strict proof thereof is demanded at the time of trial.

88.     The allegations contained within Paragraph 88 are denied as stated and strict proof thereof is demanded at the time of trial.

89.     The allegations contained within Paragraph 89 are denied and strict proof thereof is demanded at the time of trial.

90.     The allegations contained within Paragraph 90 are denied as stated and strict proof thereof is demanded at the time of trial.

91.     The allegations contained within Paragraph 91 are denied as stated and strict proof thereof is demanded at the time of trial.

92.     After reasonable investigation, Defendant does not possess sufficient information to admit or deny the truth of the averments contained in Paragraph 92 of the Complaint. Strict proof thereof is demanded at the time of trial.

93.     The allegations contained within Paragraph 93 are denied and strict proof thereof is demanded at the time of trial.

94.     The allegations contained within Paragraph 94 are denied as stated and strict proof thereof is demanded at the time of trial.

95.     The allegations contained within Paragraph 95 are denied and strict proof thereof is demanded at the time of trial.

96.     The allegations contained within Paragraph 96 are denied as stated and strict proof thereof is demanded at the time of trial.

97.     The allegations contained within Paragraph 97 are denied as stated and strict proof thereof is demanded at the time of trial.

98.     The allegations contained within Paragraph 98 are denied and strict proof thereof is demanded at the time of trial.

99.     The allegations contained within Paragraph 99 are denied and strict proof thereof is demanded at the time of trial.

100.    The allegations contained within Paragraph 100 are denied as stated and strict proof thereof is demanded at the time of trial.

101.    The allegations contained within Paragraph 101 are denied as stated and strict proof thereof is demanded at the time of trial.

102.    The allegations contained within Paragraph 102 are denied and strict proof thereof is demanded at the time of trial.

103.    The allegations contained within Paragraph 103 are denied as stated and strict proof thereof is demanded at the time of trial.

104.    The allegations contained within Paragraph 104 are denied and strict proof thereof is demanded at the time of trial.

105.    The allegations contained within Paragraph 105 are denied as stated and strict proof thereof is demanded at the time of trial.

106.    After reasonable investigation, Defendant does not possess sufficient information to admit or deny the truth of the averments contained in Paragraph 106 of the Complaint. Strict proof thereof is demanded at the time of trial.

107.    The allegations contained within Paragraph 107 are denied as stated and strict proof thereof is demanded at the time of trial.

108.    The allegations contained within Paragraph 108 are denied as stated and strict proof thereof is demanded at the time of trial.

109.    The allegations contained within Paragraph 109 are denied as stated and strict proof thereof is demanded at the time of trial.

110.    After reasonable investigation, Defendant does not possess sufficient information to admit or deny the truth of the averments contained in Paragraph 110 of the Complaint. Strict proof thereof is demanded at the time of trial.

111. After reasonable investigation, Defendant does not possess sufficient information to admit or deny the truth of the averments contained in Paragraph 111 of the Complaint. Strict proof thereof is demanded at the time of trial.

112. The allegations contained within Paragraph 112 are denied as stated and strict proof thereof is demanded at the time of trial.

113. The allegations contained within Paragraph 113 are denied as stated and strict proof thereof is demanded at the time of trial.

114. After reasonable investigation, Defendant does not possess sufficient information to admit or deny the truth of the averments contained in Paragraph 114 of the Complaint. Strict proof thereof is demanded at the time of trial.

115. After reasonable investigation, Defendant does not possess sufficient information to admit or deny the truth of the averments contained in Paragraph 115 of the Complaint. Strict proof thereof is demanded at the time of trial.

116. The allegations contained within Paragraph 116 are denied as stated and strict proof thereof is demanded at the time of trial.

117. After reasonable investigation, Defendant does not possess sufficient information to admit or deny the truth of the averments contained in Paragraph 117 of the Complaint. Strict proof thereof is demanded at the time of trial.

118. After reasonable investigation, Defendant does not possess sufficient information to admit or deny the truth of the averments contained in Paragraph 118 of the Complaint. Strict proof thereof is demanded at the time of trial.

119. The allegations contained within Paragraph 119 are denied as stated and strict proof thereof is demanded at the time of trial.

120.    The allegations contained within Paragraph 120 are denied as stated and strict proof thereof is demanded at the time of trial.

121.    The allegations contained within Paragraph 121 are denied as stated and strict proof thereof is demanded at the time of trial.

122.    After reasonable investigation, Defendant does not possess sufficient information to admit or deny the truth of the averments contained in Paragraph 122 of the Complaint. Strict proof thereof is demanded at the time of trial.

123.    After reasonable investigation, Defendant does not possess sufficient information to admit or deny the truth of the averments contained in Paragraph 123 of the Complaint. Strict proof thereof is demanded at the time of trial.

124.    The allegations contained within Paragraph 124 are denied and strict proof thereof is demanded at the time of trial.

125.    The allegations contained within Paragraph 125 are denied as stated and strict proof thereof is demanded at the time of trial.

126.    The allegations contained within Paragraph 126 are denied as stated and strict proof thereof is demanded at the time of trial.

127.    After reasonable investigation, Defendant does not possess sufficient information to admit or deny the truth of the averments contained in Paragraph 127 of the Complaint. Strict proof thereof is demanded at the time of trial.

128.    After reasonable investigation, Defendant does not possess sufficient information to admit or deny the truth of the averments contained in Paragraph 128 of the Complaint. Strict proof thereof is demanded at the time of trial.

129.    After reasonable investigation, Defendant does not possess sufficient information to admit or deny the truth of the averments contained in Paragraph 129 of the Complaint. Strict proof thereof is demanded at the time of trial.

130.    The allegations contained within Paragraph 130 are denied as stated and strict proof thereof is demanded at the time of trial.

131.    The allegations contained within Paragraph 131 are denied and strict proof thereof is demanded at the time of trial.

132.    Admitted in part. It is admitted that any sites or platforms utilized, controlled, and/or maintained by Plaintiff and/or any entity affiliated with Plaintiff may be accessed by users throughout the world. The remainder of the allegations are denied and strict proof thereof is demanded at the time of trial.

133.    The allegations contained within Paragraph 133 are denied as stated and strict proof thereof is demanded at the time of trial.

134.    After reasonable investigation, Defendant does not possess sufficient information to admit or deny the truth of the averments contained in Paragraph 134 of the Complaint. Strict proof thereof is demanded at the time of trial.

135.    After reasonable investigation, Defendant does not possess sufficient information to admit or deny the truth of the averments contained in Paragraph 135 of the Complaint. Strict proof thereof is demanded at the time of trial.

136.    The allegations contained within Paragraph 136 are denied as stated and strict proof thereof is demanded at the time of trial.

137.    The allegations contained within Paragraph 137 are denied as stated and strict proof thereof is demanded at the time of trial.

138.    The allegations contained within Paragraph 138 are denied as stated and strict proof thereof is demanded at the time of trial.

139.    After reasonable investigation, Defendant does not possess sufficient information to admit or deny the truth of the averments contained in Paragraph 139 of the Complaint. Strict proof thereof is demanded at the time of trial.

140.    The allegations contained within Paragraph 140 are denied as stated and strict proof thereof is demanded at the time of trial.

141.    The allegations contained within Paragraph 141 are denied as stated and strict proof thereof is demanded at the time of trial.

142.    The allegations contained within Paragraph 142 are denied as stated and strict proof thereof is demanded at the time of trial.

143.    The allegations contained within Paragraph 143 are denied as stated and strict proof thereof is demanded at the time of trial.

144.    The allegations contained within Paragraph 144 are denied and strict proof thereof is demanded at the time of trial.

145.    Paragraph 145 of the Amended Complaint constitutes a conclusion of law to which no response is required. To the extent a response is deemed necessary, the allegations contained in Paragraph 145 are denied.

146.    Paragraph 146 of the Amended Complaint constitutes a conclusion of law to which no response is required. To the extent a response is deemed necessary, the allegations contained in Paragraph 146 are denied.

147.   Paragraph 147 of the Amended Complaint constitutes a conclusion of law to which no response is required. To the extent a response is deemed necessary, the allegations contained in Paragraph 147 are denied.

148.   The allegations contained within Paragraph 148 are denied and strict proof thereof is demanded at the time of trial.

149.   After reasonable investigation, Defendant does not possess sufficient information to admit or deny the truth of the averments contained in Paragraph 149 of the Complaint. Strict proof thereof is demanded at the time of trial.

150.   The allegations contained within Paragraph 150 are denied as stated and strict proof thereof is demanded at the time of trial.

151.   The allegations contained within Paragraph 151 are denied as stated and strict proof thereof is demanded at the time of trial.

152.   The allegations contained within Paragraph 152 are denied and strict proof thereof is demanded at the time of trial.

153.   Paragraph 153 of the Amended Complaint constitutes a conclusion of law to which no response is required. To the extent a response is deemed necessary, the allegations contained in Paragraph 153 are denied.

154.   After reasonable investigation, Defendant does not possess sufficient information to admit or deny the truth of the averments contained in Paragraph 154 of the Complaint. Strict proof thereof is demanded at the time of trial.

<u>COUNTS I, II, III, IV: Defamation – Libel Per Se, Libel Per Quod, Slander Per Se, Slander Per Quod</u>

155.   Paragraph 155 is an incorporation paragraph to which no response is required.

156.    Paragraph 156 of the Amended Complaint constitutes a conclusion of law to which no response is required. To the extent a response is deemed necessary, the allegations contained in Paragraph 156 are denied.

157.    Paragraph 157 of the Amended Complaint constitutes a conclusion of law to which no response is required. To the extent a response is deemed necessary, the allegations contained in Paragraph 157 are denied.

158.    Paragraph 158 of the Amended Complaint constitutes a conclusion of law to which no response is required. To the extent a response is deemed necessary, the allegations contained in Paragraph 158 are denied.

159.    Paragraph 159 of the Amended Complaint constitutes a conclusion of law to which no response is required. To the extent a response is deemed necessary, the allegations contained in Paragraph 159 are denied.

160.    Paragraph 160 of the Amended Complaint constitutes a conclusion of law to which no response is required. To the extent a response is deemed necessary, the allegations contained in Paragraph 160 are denied.

161.    Paragraph 161 of the Amended Complaint constitutes a conclusion of law to which no response is required. To the extent a response is deemed necessary, the allegations contained in Paragraph 161 are denied.

162.    Paragraph 162 of the Amended Complaint constitutes a conclusion of law to which no response is required. To the extent a response is deemed necessary, the allegations contained in Paragraph 162 are denied.

163.    Paragraph 163 of the Amended Complaint constitutes a conclusion of law to which no response is required. To the extent a response is deemed necessary, the allegations contained in Paragraph 163 are denied.

164.    Paragraph 164 of the Amended Complaint constitutes a conclusion of law to which no response is required. To the extent a response is deemed necessary, the allegations contained in Paragraph 164 are denied.

165.    Paragraph 165 of the Amended Complaint constitutes a conclusion of law to which no response is required. To the extent a response is deemed necessary, the allegations contained in Paragraph 165 are denied.

WHEREFORE, Defendant prays for judgment in her favor and against Plaintiff.

<u>COUNT V: Invasion of Privacy – False Light</u>

166.    Paragraph 166 is an incorporation paragraph to which no response is required.

167.    Paragraph 167 of the Amended Complaint constitutes a conclusion of law to which no response is required. To the extent a response is deemed necessary, the allegations contained in Paragraph 167 are denied.

168.    Paragraph 168 of the Amended Complaint constitutes a conclusion of law to which no response is required. To the extent a response is deemed necessary, the allegations contained in Paragraph 168 are denied.

169.    Paragraph 169 of the Amended Complaint constitutes a conclusion of law to which no response is required. To the extent a response is deemed necessary, the allegations contained in Paragraph 169 are denied.

170.   Paragraph 170 of the Amended Complaint constitutes a conclusion of law to which no response is required. To the extent a response is deemed necessary, the allegations contained in Paragraph 170 are denied.

171.   Paragraph 171 of the Amended Complaint constitutes a conclusion of law to which no response is required. To the extent a response is deemed necessary, the allegations contained in Paragraph 171 are denied.

172.   Paragraph 172 of the Amended Complaint constitutes a conclusion of law to which no response is required. To the extent a response is deemed necessary, the allegations contained in Paragraph 172 are denied.

WHEREFORE, Defendant prays for judgment in her favor and against Plaintiff.

## COUNT VI: Intentional Infliction of Emotional Distress

173.   Paragraph 173 is an incorporation paragraph to which no response is required.

174.   Paragraph 174 of the Amended Complaint constitutes a conclusion of law to which no response is required. To the extent a response is deemed necessary, the allegations contained in Paragraph 174 are denied.

175.   Paragraph 175 of the Amended Complaint constitutes a conclusion of law to which no response is required. To the extent a response is deemed necessary, the allegations contained in Paragraph 175 are denied.

176.   Paragraph 176 of the Amended Complaint constitutes a conclusion of law to which no response is required. To the extent a response is deemed necessary, the allegations contained in Paragraph 176 are denied.

177.    Paragraph 177 of the Amended Complaint constitutes a conclusion of law to which no response is required. To the extent a response is deemed necessary, the allegations contained in Paragraph 177 are denied.

178.    Paragraph 178 of the Amended Complaint constitutes a conclusion of law to which no response is required. To the extent a response is deemed necessary, the allegations contained in Paragraph 178 are denied.

179.    Paragraph 179 of the Amended Complaint constitutes a conclusion of law to which no response is required. To the extent a response is deemed necessary, the allegations contained in Paragraph 179 are denied.

WHEREFORE, Defendant prays for judgment in her favor and against Plaintiff.

<u>COUNT VII: Publicity Given to Private Life</u>

180.    Paragraph 180 is an incorporation paragraph to which no response is required.

181.    Paragraph 181 of the Amended Complaint constitutes a conclusion of law to which no response is required. To the extent a response is deemed necessary, the allegations contained in Paragraph 181 are denied.

182.    Paragraph 182 of the Amended Complaint constitutes a conclusion of law to which no response is required. To the extent a response is deemed necessary, the allegations contained in Paragraph 182 are denied.

183.    Paragraph 183 of the Amended Complaint constitutes a conclusion of law to which no response is required. To the extent a response is deemed necessary, the allegations contained in Paragraph 183 are denied.

184.    Paragraph 184 of the Amended Complaint constitutes a conclusion of law to which no response is required. To the extent a response is deemed necessary, the allegations contained in Paragraph 184 are denied.

185.    Paragraph 185 of the Amended Complaint constitutes a conclusion of law to which no response is required. To the extent a response is deemed necessary, the allegations contained in Paragraph 185 are denied.

186.    Paragraph 186 of the Amended Complaint constitutes a conclusion of law to which no response is required. To the extent a response is deemed necessary, the allegations contained in Paragraph 186 are denied.

WHEREFORE, Defendant prays for judgment in her favor and against Plaintiff.

<u>COUNT VIII: Intrusion Upon Seclusion / Intrusion into Private Affairs</u>

187.    Paragraph 187 is an incorporation paragraph to which no response is required.

188.    Paragraph 188 of the Amended Complaint constitutes a conclusion of law to which no response is required. To the extent a response is deemed necessary, the allegations contained in Paragraph 188 are denied.

189.    Paragraph 189 of the Amended Complaint constitutes a conclusion of law to which no response is required. To the extent a response is deemed necessary, the allegations contained in Paragraph 189 are denied.

190.    Paragraph 190 of the Amended Complaint constitutes a conclusion of law to which no response is required. To the extent a response is deemed necessary, the allegations contained in Paragraph 190 are denied.

191.    Paragraph 191 of the Amended Complaint constitutes a conclusion of law to which no response is required. To the extent a response is deemed necessary, the allegations contained in Paragraph 191 are denied.

192.    Paragraph 192 of the Amended Complaint constitutes a conclusion of law to which no response is required. To the extent a response is deemed necessary, the allegations contained in Paragraph 192 are denied.

193.    Paragraph 193 of the Amended Complaint constitutes a conclusion of law to which no response is required. To the extent a response is deemed necessary, the allegations contained in Paragraph 193 are denied.

194.    Paragraph 194 of the Amended Complaint constitutes a conclusion of law to which no response is required. To the extent a response is deemed necessary, the allegations contained in Paragraph 194 are denied.

195.    Paragraph 195 of the Amended Complaint constitutes a conclusion of law to which no response is required. To the extent a response is deemed necessary, the allegations contained in Paragraph 195 are denied.

196.    Paragraph 196 of the Amended Complaint constitutes a conclusion of law to which no response is required. To the extent a response is deemed necessary, the allegations contained in Paragraph 196 are denied.

197.    Paragraph 197 of the Amended Complaint constitutes a conclusion of law to which no response is required. To the extent a response is deemed necessary, the allegations contained in Paragraph 197 are denied.

198.    Paragraph 198 of the Amended Complaint constitutes a conclusion of law to which no response is required. To the extent a response is deemed necessary, the allegations contained in Paragraph 198 are denied.

WHEREFORE, Defendant prays for judgment in her favor and against Plaintiff.

## FIRST AFFIRMATIVE DEFENSE

199.    Defendant sets forth the absolute defense of truth in regard to Counts I, II, III, and IV of Plaintiff's Amended Complaint.

## SECOND AFFIRMATIVE DEFENSE

200.    Plaintiff's Amended Complaint fails to state a claim upon which relief may be granted.

## THIRD AFFIRMATIVE DEFENSE

201.    Plaintiff has failed to establish that his alleged injuries and damages, without being admitted, were a direct and proximate cause of any act or omission on the part of Defendant.

## FOURTH AFFIRMATIVE DEFENSE

202.    Plaintiff's alleged injuries and damages, without being admitted, were caused in whole or in part by superseding and/or intervening causes thereby relieving Defendant of liability.

## FIFTH AFFIRMATIVE DEFENSE

203.    The Western District of Pennsylvania does not have subject matter or personal jurisdiction, as Defendant does not reside or have any sufficient nexus within the Western District of Pennsylvania. Federal Court jurisdiction would only lie within the district where Defendant resides.

## SIXTH AFFIRMATIVE DEFENSE

204.   Defendant sets forth the one-year State of Limitations for defamation claims in Pennsylvania.

## SEVENTH AFFIRMATIVE DEFENSE

205.   Defendant sets forth as an affirmative defense the provisions of the Pennsylvania Uniform Single Publication Act, 42 Pa.C.S.A. § 8341, et seq.

## EIGHTH AFFIRMATIVE DEFENSE

206.   Defendant reserves the right to rely upon any defense available in law or fact in this action and specifically reserves the right to amend, modify, or supplement the defenses stated herein as additional facts become known.

WHEREFORE, Defendant prays for judgment in her favor and against Plaintiff.

## COUNTERCLAIM

207.   Defendant herein incorporates by reference Paragraphs 1 through 5 of her Counterclaim as more fully set forth in her Original Answer to Plaintiff's Amended Complaint, filed July 19, 2022.

208.   Defendant intends to pursue her Counterclaim *pro se* independent of the claims of Plaintiff.

WHEREFORE, Defendant prays for judgment in her favor and against Plaintiff.

## JURY TRIAL DEMANDED

Respectfully submitted,

**SUMMERS, MCDONNELL, HUDOCK,**
**GUTHRIE & RAUCH, P.C.**


By: _____/s/ Thomas A. McDonnell_____

Thomas A. McDonnell, Esquire
Pa. ID # 52711
707 Grant Street, 24th Floor
Pittsburgh, PA 15219
(412) 261-3232
tmcdonnell@summersmcdonnell.com
Counsel for Defendant